### HOYLE et al. v. KERR.

(Circuit Court of Appeals, Third Circuit. November 3, 1893.)

#### No. 2.

PATENTS FOR INVENTIONS—ANTICIPATION—WOVEN FABRICS.

The Kerr patent, No. 353,790, for a woven fabric, in which a variety of shades are produced in the pattern by a new way of interweaving the warp and weft threads,—a binder warp thread being placed in the center of each pair of figuring warp threads, and utilized for shading purposes; the weft threads also appearing on the surface, and producing a color effect,—was not anticipated by a fabric in which, at some places, the figuring warp threads were drawn in pairs, with a binder warp between, but which did not appear on the surface, or produce a color effect, and in which the weft threads were also purposely hidden from sight, the whole surface being formed by the two figuring warp threads. Nor was the invention anticipated by a fabric having three figuring warp threads to each binder warp, and in which, consequently, a binder warp

between a pair of figuring warp threads is only of occasional occurrence, the binder warp never being used for figuring purposes. 55 Fed. Rep. 658, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

In Equity. Bill by James E. Kerr, administrator of the estate of David B. Kerr, deceased, against John Hoyle, Edwin Harrison, and Andrew Kaye, trading as Hoyle, Harrison & Kaye, for infringement of a patent. Decree for complainant. 55 Fed. Rep. 658. Defendants appeal. Affirmed.

George J. Harding, (George Harding, on the brief,) for appellants. John Dolman, Jr., for appellee.

Before SHIRAS, Circuit Justice, and ACHESON and DALLAS, Circuit Judges.

ACHESON, Circuit Judge. This suit was brought for the infringement of letters patent No. 353,790, for an improvement in woven fabrics, granted to David B. Kerr on December 7, 1886. The object of the invention, as declared in the specification—

"Is to produce in a woven fabric a variety of shades of color in the pattern or figure, by a new way of interweaving the warp and weft threads, avoiding the expense of extra colors in the warp and weft threads."

The patentee states:

"My invention consists in the combination of two warps of the same color with two or more colored weft threads. The warp threads are so arranged in the loom harness as to work in pairs, with a binder warp thread in the center of each pair, as will be hereinafter described."

The invention, it is stated, is especially applicable to all fabrics with one color for warp threads and different colors for weft threads, such as upholstery fabrics, shawls, carpets, etc. The illustrative patent drawings contain 14 figures representing cross-sections, showing various collocations of the warp and weft threads of a fabric woven according to the invention. In the warps there are two figuring threads to one binder thread. The specification described minutely—and it is shown with great clearness, to one skilled in the art—the manner of lifting the warp threads, and inserting the weft, to produce different shades of colors. The patent has a single claim, which is as follows:

"The combination of two or more wefts, each of a different color, with figuring warp threads, and a binder warp thread between the two figuring warp threads of each pair, as shown, described, and for the purpose specified."

The circuit court sustained the patent, and entered a decree against the defendants in the bill, (the appellants here.)

Two grounds for the reversal of the decree are insisted on, namely, that the court erred—First, in finding that the prior fabrics relied on to sustain the defense of anticipation did not contain the patented invention; and, second, in finding that the matter claimed in the letters patent in suit was the invention of Kerr, and not the result of an accident. With respect to the latter of these defenses,

we do not deem it to be necessary to recite or discuss the proofs. Having attentively read and carefully considered them, we concur with the court below in the conclusion that the clear weight of the evidence upon this branch of case is with the complainant in the bill. This defense, therefore, was rightly overruled.

The prior fabrics set up as anticipatory of Kerr's invention are designated "Brooks' Fabric No. 1," "Brooks' Fabric No. 2," and the "Stead & Miller Fabric." Now, in comparing those fabrics, respectively, with the Kerr fabric, we must bear in mind the clearly-established fact that Kerr's invention makes the binder warp, which formerly was rather a hindrance to designers, part of the decoration of the fabric,—an important factor for figuring and shading purposes. His discovery was that a new use, for decorative purposes, could be made of the binder warp, without impairing its old function, of giving stability to the fabric.

We take up Brooks' fabric No. 1 first, for the reason that at the argument the appellants' counsel particularly directed our attention to that exhibit, and because we regard it as the strongest piece of evidence for the defense to be found in the case. It is proved that in some places in this fabric the figuring warp was drawn in pairs, with a binder warp between the threads of the pairs. But here the resemblance between this fabric and a fabric woven according to the directions of the patent begins and ends. Brooks' fabric No. 1 is a single-faced cloth. It has a worsted figuring warp, and a cotton binder warp. It has two cotton wefts, distinctively differing from each other, however, in size and function. One is a fine "binder weft;" the other, a large, coarse "stuffer weft." The whole face of this fabric is formed of the worsted figuring warp, none of the other threads appearing on the face. The fabric is of one color throughout. The pattern or figure is formed by twilling the figuring warp, while the ground is corded or ribbed, this being effected by the presence of the stuffer weft under the warp. The object which Kerr's invention aims at, and achieves, was not attained in the Brooks fabric, at all, and evidently was not contemplated by the designer or manufacturer thereof. The binder warp does not show on the face of the fabric. Instead of being used for decorative or shading purposes, it is intentionally concealed. Moreover, the weft threads do not appear on the face of the Brooks fabric. They, also, are purposely hidden from sight. The wefts do not there perform the function plainly implied in Kerr's claim. The object of the patented invention is to produce a variety of shades of color in the pattern or figure by the interweaving of the warp and weft threads, and, clearly, to that end, the wefts must appear, and produce a color effect on the face of the fabric. Reading Kerr's claim in connection with his specification, as it must be read, (Corn-Planter Patent, 23 Wall. 181, 218; Tilghman v. Proctor, 102 U. S. 707, 729,) we have no difficulty in holding that Brooks' fabric No. 1 does not show or suggest the invention disclosed and claimed in the patent in suit. The appellants do not allege that there is any substantial difference between

Brooks' fabric No. 1 and Brooks' fabric No. 2.  They seem to us to be similar fabrics.  Our conclusion, therefore, with respect to No. 1, applies equally to No. 2.

Turning now to the Stead & Miller Exhibit, we discover that in the weaving of that fabric, instead of the figuring warp threads being arranged so as to work in pairs, with a binder warp thread in the center of each pair, according to the method described in Kerr's patent, the fabric has three figuring warp threads to one binder warp thread.  In that fabric, then, a binder warp thread between a pair of figuring warp threads is a thing of occasional occurrence, only.  Such pairs, where they do occur, are disconnected, each being a single pair by itself.  The fabric never has two consecutive pairs of figuring warp threads, with a binder in the center of each.  Only one pair in six in the same transverse line can have a binder in the center appearing on the face of the fabric. Then, again, in the Stead & Miller fabric, the binder warp thread is not used for figuring or shading purposes, and it is incapable of the use contemplated by Kerr.

We think the court below was correct in holding that none of the prior fabrics contains the invention of the patent in suit; and, finding no error in this record, the decree of the circuit court is affirmed.